## FIDELITY & DEPOSIT CO. OF MARYLAND v. LONG et al. (No. 10260.)

Court of Civil Appeals of Texas. Dallas, March 17, 1928.

Rehearing Denied April 21, 1928.

**Mechanics' liens ⊜⇒315—Surety on contractor's indemnity bond held liable to owner for liquidated damages for contractor's default, notwithstanding contractor's agreement as to default.**

Surety on contractor's indemnity bond *held* liable to owner for liquidated damages for contractor's default, notwithstanding agreement in contract that contractor's default should not defeat lien, but that lien should exist less amount necessary to complete improvements, since such agreement would not permit charging of liquidated damages against mechanic's lien note.

Error from District Court, Dallas County; Claude M. McCallain, Judge.

Action by the Galbraith-Foxworth Lumber Company against Mrs. Betty Long and others. Judgment was awarded named defendant and husband on an indemnity bond executed by defendant Fidelity & Deposit Company of Maryland, and it brings error. Affirmed.

Albert B. Hall, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendants in error.

JONES, C. J. As shown by the statement of the case of Galbraith-Foxworth Lumber Co. v. Mrs. Betty Long et al., 5 S.W.(2d) 162, recently decided by this court, this is a companion case, and the writ of error is prosecuted from the judgment reviewed in the opinion in that case. For a complete statement of the facts on which the judgment was ren-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dered, we refer to the statement in the opinion of the prior case.

Appellant prosecutes its writ of error from that portion of said judgment in the suit of Galbraith-Foxworth Lumber Co. v. Mrs. Betty Long et al., which awarded appellees Mrs. Betty Long and her husband, Alfred Long, judgment of the indemnity bond executed by appellants with appellees as beneficiaries of said bond and one Barnes as principal. Barnes was a contractor, and had contracted to construct a house for appellees for the contract price of $13,975 for the completed structure, to be evidenced by a negotiable promissory note, payable in 100 days from date, executed by appellees, and secured by a mechanic's lien on the premises, and this indemnity bond in effect guaranteed to appellees the performance of the contract. One of the terms of the contract of construction was that the building was to be completed within 100 days from the date of the contract, and, if there was a failure in this respect, Barnes was to pay to appellees certain stipulated agreed damages. Barnes defaulted after he had expended, on the construction of the building, the entire contract price. This contract price had been paid to Barnes by the Galbraith-Foxworth Lumber Company, who had purchased from Barnes the said note and had assigned to it the said mechanic's lien as security. The evidence warrants the conclusion of the trial court that, by reason of this default of Barnes, there was occasioned such delay in the completion of the building that matured the liquidated damages in the amount of $800.

Appellant's contention is made by two propositions based upon proper assignments of error. These propositions in effect are the same, each in effect being that, as the contract between appellees and Barnes provided that, if there was a failure to complete the improvements by Barnes, the indebtedness and lien should not thereby be defeated, but should still exist in favor of Barnes and his assigns for the entire contract price, "less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications," and that, as appellees at the time judgment was entered in this case, had only paid $1,180 on the contract price, and therefore had in their possession, of the unpaid contract price, a sum larger than necessary to pay both for the completion of the improvements and the agreed damages for delay, no recovery could be had against appellant. In the Galbraith-Foxworth Lumber Co. Case it was necessary to pass on this contention, and the court decided it adversely to appellant, and said case is authority for overruling the contention here. In addition to the reason given in that case, we do not believe that a reasonable construction of the clause in Barnes' contract, which gives to appellees the right to charge the costs for completion of the contract against the note in the hands of the Galbraith-Foxworth Lumber Company, would in any event allow the right to charge the liquidated damages also against such note. Under the undisputed evidence in this case, this note before its maturity went into the hands of a purchaser who had knowledge only of the conditions mentioned in the note and the mechanic's lien contract. The right to deduct from the contract price is only reserved for the payment of the costs necessary to complete the improvements, and not for every element of damages that might arise in favor of appellees because of Barnes' default.

We are therefore of the opinion that the court correctly entered judgment against appellant in favor of appellees for the amount of the liquidated damages named therein, and that this case ought to be affirmed.

Affirmed.